*Formatted for Electronic Distribution*                                                                                  *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

    **John Austin,**                                                                   **Chapter 13 Case**
           **Debtor.**                                                                     **# 05 -11930**

_____

Filed & Entered
On Docket
September 4, 2007

### ORDER
#### GRANTING MOTION FOR RELIEF FROM STAY
#### TO ALLOW CREDITOR TO RENEW JUDGMENT

On August 24, 2007, Universal Underwriters (the "Creditor") filed a motion (doc. # 55) seeking relief from the automatic stay to allow it to file and proceed with an action in the state court to renew a judgment it had obtained against the Debtor and a third party (the "Judgment") on September 9, 1999. The Creditor asserted that under Vermont law, it must renew the Judgment, by an action commenced on or before September 9, 2007, in order to preserve the Judgment and its rights under the Judgment. The Creditor emphasized that it does not seek to expand or enlarge its rights against the Debtor or to enforce the Judgment at this time, but rather seeks relief from stay for the exclusive purpose of renewing the Judgment (id.).

The Debtor objected (doc. # 59). In his papers, the Debtor acknowledges that on the date he filed his petition, October 12, 2005, his ownership and homestead interest in real property were subject to a judgment lien in favor of the Creditor, dated September 9, 1999. The Debtor points out, however, that on January 23, 2006, this Court entered an Order that avoided the Creditor's lien, as long as the case was not dismissed. It is the Debtor's position that because the lien was avoided, "there exists no lien to renew" (id.). The Debtor adds that he would stipulate that, in the event the case is dismissed, "the Creditor would have the opportunity to renew its lien within the time required by State law" (id.). Lastly, the Debtor opposes the renewal of the lien on the ground that such action would cause "unnecessary confusion" regarding the existence of the lien (id.).

The question of whether the Creditor must – or may – renew its lien at this time requires the Court to examine an intersection between Vermont law and the Bankruptcy Code. The pertinent provision of state law provides that

> [a]ctions on judgments and actions for the renewal or revival of judgments shall be brought within eight years after the rendition of the judgment, and not after.

12 V.S.A. § 506. The key section of the Bankruptcy Code, entitled "Extension of time," provides

> (c)    . . . if applicable nonbankruptcy law, an order entered in a nonbank-
> ruptcy proceeding, or an agreement fixes a period for commencing

or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor,. . . and such period had not expired before the date of the filing of the petition, then such period does not expire until the later of

(1)  the end of such period . . . ; or

(2)  30 days after notice of termination or expiration of the stay . . . with respect to the claim.

11 U.S.C. § 108(c).

A number of Second Circuit cases, as well as an earlier case from this Court, have addressed how the automatic stay that is created upon the filing of a bankruptcy petition affects state law requirements to renew state court judgments, and how the tolling provisions of § 108(c) affect the lienholder's obligations. In Lockhart v. Garden City Bank & Trust Co., 116 F.2d 658 (2d Cir. 1940), the Second Circuit was confronted with a situation where a mortgagee had failed to refile his chattel mortgage, as required by state law, in reliance upon the fact that he had repossessed the chattels during the bankruptcy case. The appeals court agreed with the lower courts that the mortgagee could repossess the chattels without permission of the bankruptcy court because "the rights of the parties became fixed at the date of the initiation of the proceedings, when the mortgage was admittedly valid." Id. at 659. However, the Court carved out an essential exception to this general rule that rights of lienholders are fixed as of the bankruptcy filing date: it held that if a state statute "expressly provides" that a lien must be extended within a certain time period, that law continues to apply during the pendency of the debtor's bankruptcy case and the lien loses its validity as against the trustee if the lienholder fails to extend it. See id. at 661.

About fifty years later, the Second Circuit revisited the issue of renewing liens that expire during a bankruptcy case. In Morton v. National Bank of New York City (In re Morton), 866 F.2d 561 (2d Cir. 1989), the Court was asked to determine the effect of a debtor's bankruptcy filing on a creditor's state law judgment which, under New York law, the creditor had an obligation to renew after ten years, since the ten year anniversary occurred during the pendency of the debtor's bankruptcy case. The Court explored the very exception it had identified in Lockhart and held that:

(i)  state law establishes the criteria for a valid and enforceable judgment, and to determine whether a creditor has a valid lien against a debtor in bankruptcy one must assess the status of the creditor's lien, under state law, on the date the debtor's bankruptcy case was filed;

(ii)  the automatic stay provisions of the Bankruptcy Code do not alter the state law requirement that, under New York law, a judgment must be renewed within ten years, on notice to the debtor, in order to remain valid and enforceable;

(iii)  the automatic stay provision of the Bankruptcy Code, § 362, does not prohibit a creditor from taking steps to extend, continue, or renew otherwise valid liens and thus a creditor may renew its lien without relief from stay; and

2

(iv) under the tolling provisions of the Bankruptcy Code, § 108(c), however, the renewal period is tolled, and a lien is automatically preserved until 30 days after notice of the stay's termination by operation of law.

See id. at 564-566. The Court of Appeals emphasized that this conclusion was in harmony with the legislative history to § 108(c) and its previous rulings on this issue. Id at 566.

Although this Court (Conrad, J.) once addressed the impact of the §108(c) tolling provisions on certain liens, see In re Town of Colchester v. Hinesburg Sand & Gravel, Inc. (In re: APC Const., Inc.), 112 B.R. 89 (Bankr. D.Vt. 1989), that case focused on contractors' liens, and hence has limited applicability to the question of how these tolling provisions affect a judgment lien. We mention it because it did make clear that the principles enunciated in Morton applied to Vermont lien law. Id. at 108-09, 117-18. In that regard, this Court points out that the New York statute at issue in Morton, CPLR § 5203(b), allowed actions for "extension" of liens; the Vermont statute refers to actions for "renewal or revival" of judgments; while § 108(c) refers to "continuing a civil action." Just as the Second Circuit did not find this difference in New York and Bankruptcy Code language dispositive in Morton, this Court does not find the difference in Vermont and Bankruptcy Code language dispositive here, and therefore finds the Vermont statute to fall within the ambit of § 108(c).

Distilling these cases, the Court holds that, as a matter of law,

1. the fact that a judgment lien was valid and enforceable as of the date of a bankruptcy filing is not sufficient if state law expressly requires that the lien be renewed in order to retain its validity;
2. if state law does expressly require a creditor to renew or extend a judgment in order to preserve the judgment's validity, that requirement is not altered by the debtor's filing of a bankruptcy case;
3. the automatic stay does not prohibit a creditor from filing an action to renew or extend a judgment lien; and
4. a creditor's obligation to renew the judgment lien is tolled until 30 days after notice of the termination or expiration of the stay.

However, that does not fully address the unusual circumstances of the instant case, so the Court turns to the unique procedural and equitable questions raised when the judgment that is about to expire has already been avoided in the bankruptcy case under the lien avoidance provisions of the Bankruptcy Code.

Two aspects of the Order Avoiding Lien are of paramount importance to the question presented. First, the Order Avoiding the Lien was not a determination that the Creditor's underlying claim or lien was in any way defective, but rather – and solely – a determination that the lien impaired the Debtor's exemption and hence was subject to avoidance in this bankruptcy case. See 11 U.S.C. § 522(f). Second, the Order Avoiding the Lien had a crucial contingency or caveat: the lien was avoided only to the extent the case was not later dismissed. Thus, the lien is not currently an encumbrance on the Debtor's property but, rather is in a dormant state, subject to revival only if the bankruptcy case is dismissed.

3

Notwithstanding the avoidance of the Judgment lien, the Court finds that (i) under § 108(c), the Creditor's obligation to renew the Judgment is tolled, (ii) the Creditor will suffer no adverse consequences if it does not renew the Judgment this month, and (iii) if the Creditor chooses (in an abundance of caution) to proceed with a renewal action at this time, it may do so without an Order granting relief from stay.

The Court further finds that if the Creditor obtains a state court order renewing the Judgment, that order will not change the Judgment's "avoided" status or confer any additional rights on the Creditor. Nor will it, in any way, diminish the import of the Order Avoiding Lien: if the Debtor completes his plan, the Judgment will be permanently avoided without any basis for reinstatement, notwithstanding the renewal of the Judgment in state court; if the Debtor fails to complete his plan, and the case is dismissed, then, if the Creditor has renewed – or renews – the Judgment in accordance with the terms of this Order, the Judgment will once again become a valid and enforceable lien upon the Debtor's property, as specified in the Order Avoiding Lien.

Accordingly, under the unusual facts and procedural circumstances of this case, and in particular to clarify the record where the subject lien was previously avoided under § 522(f) of the Bankruptcy Code, the Court will grant the Creditor's motion for relief from stay. The relief granted is, however, limited to the renewal of the Judgment and does not authorize any enforcement or collection proceedings.

SO ORDERED.

September 4, 2007                                  Colleen A. Brown
Rutland, Vermont                                   United States Bankruptcy Judge